### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE:** | ) **Case No.** 17-70492 JAD |
| Gerald Miller and | ) |
| Catherine Miller, | ) **Chapter** 13 |
| **Debtors,** | ) |
| Ronda J. Winnecour, Trustee, | ) **Related Document No.** 31-30 |
| **Plaintiff,** | ) **Hearing Date:** 11/17/17 @ 10:00 a.m. |
| vs. | ) **Response Due:** 11/02/17 |
| Gerald Miller and | ) |
| Catherine Miller, | ) |
| **Respondents.** | ) **Document No.** |

### RESPONSE TO OBJECTION TO EXEMPTIONS

**AND NOW**, come the Debtors, by and through their attorneys, CALAIARO VALENCIK and Donald R. Calaiaro, and present the following:

1. Admitted.

2. Admitted.

3. Admitted in part; the exemption should be amended to be a claim under 11 U.S.C. § 522 (d) (5). This is a commercial property owned jointly by the Debtors. They will be claiming any available exemption under 11 U.S.C. § 522 (d) (5) from the sale of that property.

4. Admitted.

5. Admitted in part; the exemption should be amended to be a claim under 11 U.S.C. § 522 (d) (5). This is a commercial property owned jointly by the Debtors. They will be claiming any available exemption under 11 U.S.C. § 522 (d) (5) from the sale of that property.

6. The Debtors will be amending their claim of exemption to a claim under 11 U.S.C. § 522 (d) (5). This is a commercial property owned jointly by the Debtors. They claimed up

to $11,000.00 of any equity in that property. The Debtors should be permitted to amend this particular exemption claim. It is not apparent that there is any equity in this property. This property is for sale an there are no current offers which would produce any equity to the estate or the Debtors. This exemption may be denied without prejudice to the right to claim an exemption up to their available exemption under 11 U.S.C. § 522 (d) (5) from the sale of that property

7.     It is admitted that the exemption on this property is limited to the excess of their exemption claim under 11 U.S.C. § 522 (d) (5). To the extent that the liquor license is not owned jointly, then Gerald Miller would be limited to $13,100.00. . Fifth Third Bank filed Proof of Claim No. 6, filed September 14, 2017, in the amount of $21,219.50 and it has asserted a lien on this asset. This exemption may be denied without prejudice to the right to amend this claim up to the available exemption under 11 U.S.C. § 522 (d) (5) from the sale of that property

8.     Denied as stated. While the Trustee asserts a valid position, the Debtors may amend their claim(s) for exemptions.

   A.     The Debtors jointly own the 2010 Ford Escape. That vehicle has a value of $5,875.00. Katherine Miller is an owner of the 2010 Ford Escape. That vehicle is valued at $5,000.00. That vehicle has an encumbrance of $4,830.43 to Fifth Third Bank, Proof of Claim No. 1, filed July 20, 2017. Catherine Miller is permitted to and will amend her exemption to $1,044.57 under 11 U.S.C. § 522 (d) (2).

   B.   Gerald Miller owns the 2005 Ford F150. That vehicle is valued at $5,000.00. That vehicle has an encumbrance of $1,000.00 to Elderton State Bank. It has equity of $4,000.00. Gerald Miller is permitted to and will amend his

exemption to $3,775.00 under 11 U.S.C. § 522 (d) (2) and $225.00 under 11 U.S.C. § 522 (d) (5).

## SUMMARY

**Bankruptcy Rule 1009(a) states:**

(a) <u>General Right to Amend</u>. A voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed. The debtor shall give notice of the amendment to the trustee and to any entity affected thereby. On motion of a party in interest, after notice and a hearing, the court may order any voluntary petition, list, schedule, or statement to be amended and the clerk shall give notice of the amendment to entities designated by the court.  As exemption claims are asserted on schedule C, it is generally understood that the reference in Rule 1009(a) to the amendment of schedules in general permits a debtor to amend the scheduled exemption claims. **See generally**, e.g., Lucius v. McLemore; Matter of Doan, 672 F.2d 831 (11th Cir.1982). There are any restrictions upon a debtor's ability to amend and, if so, whether it is appropriate to apply such restrictions in these circumstances. This right is not absolute, Courts have held that this right may be withheld I there is bad faith by the Debtor or prejudice to the creditors. S*ee In re Nesser,* 206 B.R. 372, 374 (Bankr.W.D.Pa.1997)("Leave to amend exemptions generally is denied only if the debtor has acted in bad faith, concealed assets, or if the amendment would prejudice creditors"); *In re Lockovich,* 150 B.R. 989, 990(Bankr.W.D.Pa.1993) ("Generally, schedules 'may be amended by the debtor as a matter of course at any time before the case is closed.'.... An amendment may be denied, however, if there is bad faith by the debtor or prejudice to creditors"); *In re Kobaly,* 142 B.R. 743, 748–49 (Bankr.W.D.Pa.1992); *see*

*also In re Shaffer,* 92 B.R. 632 (Bankr.E.D.Pa.1988) (Scholl, B.J.) (Objection to debtors' amended exemption claim is sustained when debtors sought to amend after the trustee liquidated the asset and made distribution to creditors).

In the case before the court, there has been no suggestion of bad faith or prejudice to the creditors. Accordingly, the Debtors request that the Court permit them to amend their exemptions should be granted.

**WHEREFORE**, the Debtors request that the Court permit them to amend their claims for exemptions and defer ruling on this objection until the Court may address their amended exemptions or in the alternative, issue any order affirming the objections without prejudice to the rights of the Debtors to amend their exemptions.

**Respectfully submitted,**

**DATED:** November 2, 2017    **BY:** /s/ Donald R. Calaiaro
**Donald R. Calaiaro, Esquire, PA I.D. #27538**
dcalaiaro@c-vlaw.com

**BY:** /s/ David Z. Valencik
**David Z. Valencik, Esquire, PA I.D. #308361**
dvalencik@c-vlaw.com
**CALAIARO VALENCIK**
**428 Forbes Avenue, Suite 900**
**Pittsburgh, PA  15219-1621**
**(412) 232-0930**